**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
HUNTINGTON**

**UNITED STATES OF AMERICA**

v.                                                                          **CRIMINAL NO. 3:20-cr-00044**

**AMY ADKINS**

## UNITED STATES' SENTENCING MEMORANDUM

The United States of America, by Kristin F. Scott, Assistant United States Attorney for the Southern District of West Virginia, submits this memorandum in aid of sentencing in the above-styled matter.

The United States has no objections to the final Presentence Investigation Report ("PSR"). The report correctly sets forth that Defendant's total offense level is 27, and that she falls within criminal history Category I, which results in an advisory Guideline range of 70 to 87 months. *See* PSR ¶¶ 80, 110.

For the reasons set forth herein, the United States respectfully requests the Court sentence Defendant within the calculated Guideline range, which falls within the 60 to 97 month range contemplated in the binding plea agreement. Such a sentence properly reflects the factors referenced in 18 U.S.C. § 3553(a), in that it will protect the public from Defendant, reflect the seriousness of the offense, and deter others who would follow Defendant's example. The United States does not anticipate making substantive objections at the sentencing hearing as to the contents of the PSR.

## PROCEDURAL HISTORY

On February 28, 2020, the United States filed a two-count information against Defendant, charging her with (1) Travel to Engage in Illicit Sexual Conduct, in violation of 18 U.S.C. § 2423(b); and (2) Distribution of Adderall, in violation of 21 U.S.C. § 841(a)(1). PSR ¶ 1.

On June 10, 2020, Defendant appeared before this Court and entered a plea of guilty to the two-count information, pursuant to a Rule 11(c)(1)(C) plea agreement with the United States. PSR ¶ 3. This Court accepted Defendant's pleas. (ECF No. 19).

## SENTENCING FACTORS

In considering the 18 U.S.C. § 3553(a) sentencing factors, the United States asks that the Court consider the following in this case:

   A.   **Nature and Circumstances of the Offenses.**

   1. <u>Count One - Travel to Engage in Illicit Sexual Conduct, in violation of 18 U.S.C. § 2423(b)</u>.

The PSR prepared in this case provides a detailed account of the serious nature and circumstances of Defendant's offense conduct. As to the conduct charged in Count One, Defendant's behavior and actions, as laid out in the PSR, are morally repugnant. Defendant's position of authority as a teacher gave her access to impressionable youths, including Victim 1, the minor male victim in this case. *See* PSR ¶ 9. There is no doubt that she abused this access.

The April 7, 2018, incident of sexual intercourse between Defendant and Victim 1 was the culmination of a series of improper teacher-student liaisons wherein she abused her position of trust and used it to groom Victim 1 over the course of weeks. That Defendant utilized her own classroom for continuing romantic encounters with Victim 1 shows the continued abuse of her position as a teacher in facilitating her crime. PSR ¶ 13.

Moreover, Defendant encouraged Victim 1 to deny allegations that they slept together and she made him delete their communications on his phone. PSR ¶ 17. Even with the truth out, Defendant still sought to exert undue influence by ensuring the complicity and secrecy of Victim 1. Defendant even attempted to exercise her influence over Victim 1's friends, other students of hers, by instructing them to call Victim 1 "crazy" if questioned about her relationship with him. PSR ¶¶ 39, 44. Defendant's actions in this offense were conscious, deliberate, and carefully orchestrated to create and maintain an improper relationship with Victim 1.

Here, Defendant's conduct of grooming one of her students and ultimately engaging in sexual intercourse with that student is reprehensible and undermines the purposes of the educational system. Children are supposed to be safe from harm when they go to school, but in this case, Defendant abused the power imbalance present in the influential teacher-student relationship.

2. <u>Count Two - Distribution of Adderall, in violation of 21 U.S.C. § 841(a)(1)</u>.

The conduct charged in Count Two relates to a sale of Adderall that occurred on March 9, 2018. PSR ¶ 1. However, the nature and circumstance of this offense and its relevant conduct are concerning because this sale, and others referenced in the PSR, occurred during the time that Defendant was employed as a teacher at Fairland High School. In fact, the sales occurred during the same academic year that Defendant engaged in sexual relations with Victim 1. While there is no evidence Defendant ever sold Adderall to any of her students, it is concerning that Defendant freely provided them with marijuana, as she did the night of the dinner party in March 2018. *See* PSR ¶¶ 12, 31, 42.

For these reasons, a sentence consistent with the Guideline range is appropriate.

### B. History and Characteristics of the Offender.

Defendant is a thirty-year-old female from West Virginia. While Defendant declined to participate in the PSR interview regarding her substance abuse, the PSR notes that Defendant "used marijuana regularly." In fact, a witness recalled that he and Defendant smoked marijuana together on numerous occasions, and that he had even traded marijuana in return for Defendant's Adderall. PSR ¶¶ 28, 47. Defendant also provided marijuana to two of her students after the March 20, 2018, dinner party and she provided marijuana to Victim 1 on the day that she drove him from Ohio to her Huntington residence to engage in sexual intercourse. PSR ¶¶ 12, 15, 31, 35, 42.

Defendant has a bachelor's degree in Criminal Justice and Spanish from Marshall University, which she obtained in 2013. PSR ¶ 100. In 2016, Defendant obtained a master's degree in Education from Marshall University. *Id*. Defendant has no criminal history. An emergency domestic violence petition was filed against Defendant in 2011. PSR ¶ 89.

During the 2016 to 2017 academic year, Defendant worked as a Spanish teacher at Spring Valley High School in West Virginia. PSR ¶ 105. From August 2017 to May 2018, Defendant worked as a Spanish teacher at Fairland High School in Proctorville, Ohio. PSR ¶ 104. Defendant briefly represented Weight Watchers after she left Fairland High School and she currently works for River City Leather in Huntington, West Virginia. PSR ¶¶ 102, 103.

The fact that Defendant engaged in the specific behavior that she did while working as a teacher speaks volumes and for this reason the United States submits that a sentence consistent with the Guideline range is appropriate.

### C. The Need for the Sentence to Reflect the Seriousness of the Offense, Promote Respect for the Law, Provide Just Punishment, Provide Adequate Deterrence, and Protect the Public.

In this case, Defendant abused her near-constant access to children to exploit Victim 1 for romantic liaisons and ultimately, for sex. Defendant's failure to adhere to her professional duties and responsibilities negatively affected the safety and welfare of not just of Victim 1 but also of her other students. Accordingly, a sentence of imprisonment consistent with the Guideline range would provide adequate deterrence, both to Defendant and to other teachers who may consider abusing their positions of trust and engaging in inappropriate relationships with their students. The imposition of such a sentence would deter Defendant from continuing to engage in criminal conduct, protect the public, serve as notice to the community that this type of behavior will not be tolerated, and reflect the serious nature of the offense.

## VICTIM IMPACT

This case involves minor Victim 1, who was fifteen years old at the time of the incident. Victim 1 is in agreement with the binding plea in this case. Victim 1 understands that as part of the binding plea, Defendant agreed to register as a sex offender and to keep that registration current in jurisdictions where she resides, works, and studies. Victim 1, through a representative, has informed the United States that he is not seeking restitution in this criminal case.

Victim 1 has suffered as a result of Defendant's actions. Victim 1 has engaged in regular counseling since the incident in an effort to come to terms with what happened on April 7, 2018. Victim 1 further observes that as a result of this incident and the trauma caused by Defendant's actions, he lost a noticeable amount of weight.

Victim 1 will submit a written Victim Impact Statement, which the United States has provided to counsel for Defendant and Probation. Victim 1's statement speaks to the emotional

and physical impact that Defendant's actions have had on him. Despite this incident with Defendant occurring over two years ago, Victim 1 continues to grapple with the trauma of being exploited and sexually violated by Defendant in her position of community trust.

## MANDATORY SPECIAL ASSESSMENT

Defendant entered into a binding plea agreement with the United States in this case. In the plea agreement, Defendant agreed that under the current charges, a mandatory special assessment of $200 pursuant to 18 U.S.C. § 3013, and a mandatory special assessment of $5,000 pursuant to 18 U.S.C. § 3014 apply. (ECF No. 18, at ¶ 3).

Under the Justice for Victims of Trafficking Act of 2015 and ending on September 20, 2021, "in addition to the assessment imposed under section 3013, the court shall assess an amount of $5,000 on any non-indigent person or entity convicted of an offense under – (2) chapter 109A (relating to sexual abuse); . . . (4) chapter 117 (relating to transportation for illegal sexual activity and related crimes)." 18 U.S.C. § 3014.

Defendant bears the burden of asserting indigence. *See United States v. Knowles*, 770 Fed. Appx. 125, 126 (4th Cir. 2019). Defendant has not asserted any claims of indigence. Further, although the PSR indicates Defendant may have difficulty paying a fine at the time of sentencing, the PSR identifies a $6,000.00 Roth IRA that Defendant could immediately liquidate to pay the $5,000.00 special assessment in full at the time of sentencing. PSR ¶ 107. Furthermore, Defendant is young, able-bodied, does not have dependents, has a Bachelor's Degree and a Master's Degree, is multilingual, and has a professional employment history. PSR ¶¶ 99-105. The Court can consider Defendant's future earning capacity in determining whether she is non-indigent and subject to 18 U.S.C. § 3014. *Knowles*, 770 Fed. Appx. at 126.

Accordingly, where Defendant has liquid assets available to pay the $5,000 special assessment mandated by the Justice for Victims of Trafficking Act in full, immediately, the United States requests the Court order the $5,000 special assessment due and payable immediately, pursuant to its authority under 18 U.S.C. § 3572(d).

## CONCLUSION

As the United States has no objections to the substantive matters regarding the offenses of conviction, the offense conduct, or Defendant's personal history, the United States believes the sentencing hearing can be conducted in forty-five minutes.

Respectfully submitted,

MICHAEL B. STUART
United States Attorney

By: /s/ KRISTIN F. SCOTT
KRISTIN F. SCOTT
Assistant United States Attorney
WV State Bar Number: 13787
300 Virginia Street, East
Charleston, West Virginia 25301
E-mail: kristin.scott@usdoj.gov

## CERTIFICATE OF SERVICE

It is hereby certified that the foregoing "UNITED STATES' SENTENCING MEMORANDUM" has been electronically filed and service has been made on opposing counsel by virtue of such electronic filing on this 31st day of August, 2020, to:

**Rachel E. Zimarowski**
**Office of the Federal Public Defender**
**Room 3400**
**300 Virginia Street, East**
**Charleston, WV 25301**
**Email: Rachel_Zimarowski@fd.org**

/s/ KRISTIN F. SCOTT
KRISTIN F. SCOTT
Assistant United States Attorney
WV State Bar Number: 13787
300 Virginia Street, East
Charleston, West Virginia 25301
E-mail: kristin.scott@usdoj.gov